IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROSA MARIA BELLO MARTAGON, AND JUAN JORGE MARIN HERNANDEZ, | § § § § | |
| PLAINTIFFS, | § § | |
| V. | § § | CIVIL ACTION NO. 18-CV-2605-BK |
| ALEJANDRO MURILLO AND OVERNIGHT CLEANSE LLC, | § § § § | |
| DEFENDANTS. | § | |

MEMORANDUM OPINION

Before the Court is Defendants' *Motion to Dismiss Plaintiffs' First Amended Complaint*. Doc. 15. For the reasons that follow, Defendants' motion is **DENIED**.

A. Background and Procedural History

In October 2018, Plaintiffs filed the operative complaint, alleging that: (1) since 2008, Defendants employed Plaintiffs to perform overnight commercial cleaning every night at two restaurants in the Dallas-Fort Worth area; (2) although Plaintiffs generally worked ten hours a day seven days a week, they were not paid time-and-a-half for their overtime hours; (3) in January 2018, Defendant Murillo ("Murillo") agreed to pay Plaintiff Martagon $3,400.00 per month and Plaintiff Hernandez $4000.00 per month for cleaning two Capital Grille locations; (4) from January through March 2018, Plaintiffs generally cleaned the Dallas Capital Grille kitchen between midnight and 5:00 a.m. and the Plano Capital Grille kitchen and seating area from 5:30 a.m. to 10:45 a.m.; (5) despite repeated promises, Defendants did not pay Plaintiffs in February and March 2018; and (6) Plaintiffs were employees of Murillo "throughout the relevant period"

and of Defendant Overnight Cleanse, LLC ("Overnight Cleanse") from January 2017 through March 2018.  Doc. 8 at 2-7.

Plaintiffs bring this action under the Fair Labor Standards Act ("FLSA") for minimum wage and overtime violations.  Doc. 8 at 8.  Plaintiffs also invoke the Texas Minimum Wage Act ("TMWA") and assert claims for (1) breach of contract and, in the alternative, quantum meruit for the period from February through March 2018; and (2) perpetration of fraud by an alter ego, insofar as Murillo used Overnight Cleanse to perpetrate an actual fraud on Plaintiffs by procuring their continued labor with false promises that they would be paid.  Doc. 8 at 8-10.  Defendants move to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, alleging that Plaintiffs have failed to state a viable claim.  Doc. 15.

**B.  Applicable Law**

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  In order to overcome a Rule 12(b)(6) motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial."  *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted).  When considering a Rule 12(b)(6) motion, a court may consider documents outside the complaint when they are: (1) attached to the motion to dismiss; (2) referenced in the complaint; and (3) central to the plaintiff's claims.

### C. Parties' Arguments and Analysis[1]

#### 1. *FLSA and TMWA Claims*

The FLSA imposes both a minimum wage and maximum hours restriction on employers. *Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142, 147 (2012) (citing 29 U.S.C. §§ 206-207). Regarding the first restriction, the FLSA sets the national minimum wage of $7.25 per hour, which is mirrored in the TMWA. *Montano v. Montrose Rest. Assoc., Inc.*, 800 F.3d 186, 188 (5th Cir. 2015); TEX. LAB. CODE § 62.051. As to the latter provision, the FLSA requires that employers pay their employees at a rate equal to one and a half compensation of the normal hourly wage when the employee works for more than 40 hours per week. 29 U.S.C. § 207(a)(1). Pursuant to the TMWA, a plaintiff can file a minimum wage claim against his or her employer if, *inter alia*, their petition is verified. TEX. LAB. CODE § 62.204(2).

Defendants first argue that Plaintiffs' FLSA and TMWA claims fail because the complaint: (1) does not include an approximation of hours for which they were not compensated or any instance where they recall not being paid overtime; (2) refers to a purported agreement for Defendants to pay them monthly yet asserts wage claims based on Plaintiffs' allegation that they worked "approximately 75 hours per week"; and (3) generally asserts that Plaintiffs worked more than 40 hours per week and are owed overtime but does not state their rate of pay. Doc. 15 at 4-5. Defendants also assert that Plaintiffs did not properly verify their petition as required by the TMWA. Doc. 15 at 5-6.

---

[1] As an initial matter, Defendants argue that Plaintiff's complaint is disjointed and vague and thus does not comport with Rule 8(a) of the Federal Rules of Civil Procedure. Doc. 15 at 3-4. Having thoroughly reviewed the operative complaint, the Court finds that, although not a model of perfect drafting, the complaint is sufficient to put Defendants on notice of the claims against them.

Plaintiffs respond that their correctly verified complaint sufficiently alleges the elements of both their FLSA and TMWA claims. The Court agrees. As to Plaintiffs' minimum wage claim, they pled that they did not receive their monthly wages of $3,400.00 and $4,000.00 in either February or March 2018 despite continuing to work for Defendants. Plaintiffs thus posit that a partial payment by Defendants in April 2018 resulted in their receiving only $1,500.00 each for an estimated 560 hours of work per person—well below minimum wage.[2] Doc. 17 at 3. Plaintiffs adequately pled their overtime claim in much the same manner. *See* Doc. 8 at 4 (alleging that Plaintiffs generally worked at least ten hours a day seven days a week yet never received time-and-a-half pay for the approximately 30 overtime hours each week).

  2. *Breach of Contract or, Alternatively, Quantum Meruit*

To state a breach of contract claim, a party must allege "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (citation omitted). Quantum meruit is an alternative equitable remedy by which a party may recover if there is not a valid contract. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 740 (Tex. 2005).

Defendants contend that Plaintiffs' complaint does not state a breach of contract claim because they did not specifically identify the date, terms, consideration, and manner of the alleged breach. Doc. 15 at 6. For the same reasons, Defendants assert that a remedy in quantum meruit is unavailable. Doc. 15 at 7.

---

[2] Taking Plaintiffs' estimates as true, Defendants paid them only $2.68 per hour for February and March 2018.

Plaintiffs respond that they adequately pled a breach of contract claim because they pled that (1) Murillo repeatedly promised Plaintiffs that he would pay their full, agreed upon wages for February and March 2018; (2) Plaintiffs performed by continuing to work at Murillo's request; (3) Defendants breached the contract by failing to pay Plaintiffs their proper wages, resulting in Plaintiffs' damages. Doc. 17 at 5-6. Such allegations are sufficient to state a claim for breach of contract. *See* Doc. 8 at 6-7; *Egle Group, LLC*, 490 F.3d at 387. Moreover, if Plaintiffs ultimately cannot support their breach of contract claim, they may recover under their alternative quantum meruit theory, which is based upon a promise implied by law to pay for beneficial services that are rendered and accepted. *In re Kellogg*, 166 S.W.2d at 166.

3. *Perpetration of Fraud by Alter Ego in Violation of Section 21.223 of the Texas Business Organizations Code*

Piercing the corporate veil is not a separate cause of action, but a method to impose personal liability on corporate officers who would otherwise be shielded from liability for corporate debts. *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1035 (5th Cir. 2010). Texas law provides that, in order to show that an entity is liable as an alter ego, a plaintiff must demonstrate, in pertinent part, that:

> the holder, beneficial owner, subscriber, or affiliate caused the corporation to be used for the purpose of perpetrating and did perpetrate an actual fraud on the obligee primarily for the direct personal benefit of the holder, beneficial owner, subscriber, or affiliate.

TEX. BUS. ORGS. CODE §21.223.

A plaintiff alleging fraud is held to a heightened pleading standard under Federal Rule of Civil Procedure 9(b), which provides that a party alleging fraud "must state with particularity the circumstances constituting fraud . . . Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." In short, Rule 9(b) requires a plaintiff to set forth "the

who, what, when, where, and how." *Benchmark Elec., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003). Defendants argue that the operative complaint does not comply with Rule 9(b). Doc. 15 at 7-8.

Again, a review of the complaint does not bear out Defendants' assertions. Plaintiffs allege in their complaint that (1) when Murillo hired Plaintiffs in 2008, Overnight Cleanse did not exist, Doc. 8 at 2; (2) in 2017, Murillo formed Overnight Cleanse as a limited liability company, with its sole members being Murillo and his wife, Doc. 8 at 3; (3) Murillo did not inform Plaintiffs that he had formed Overnight Cleanse, and Plaintiffs believed that they were employed by Murillo only, Doc. 8 at 3; (4) beginning in 2017, Murillo sometimes paid Plaintiffs in cash or by check drawn on an account in the name of Overnight Cleanse, Doc. 8 at 5; (5) in February and March of 2018, Defendants did not pay Plaintiffs, Doc. 8 at 6; (6) throughout that time period, Murillo repeatedly promised Plaintiffs—both verbally and via text message—that he would pay them later and asked them to continue working, which they did until late March 2018, Doc. 8 at 6-7; (7) on information and belief, Murillo used, for his own personal expenses, funds paid by the restaurants Plaintiffs cleaned, Doc. 8 at 7; (8) Murillo used Overnight Cleanse to perpetrate an actual fraud against Plaintiffs by procuring their continued labor in February and March 2018 and using false promises that they would eventually be paid, Doc. 8 at 9; and (9) Murillo procured Plaintiffs' labor with dishonesty of purpose or intent to deceive and benefitted personally from the fraud by using funds promised to Plaintiffs for his personal expenses, Doc. 8 at 9. Such allegations sufficiently identify the "who, what, when, where, and how" required by Rule 9. *Benchmark Elec., Inc.*, 343 F.3d at 724.

### D. Conclusion

For the foregoing reasons, *Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint*, Doc. 15, is **DENIED**.

**SO ORDERED** on August 8, 2019.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE