IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROSA MARIA BELLO MARTAGON, AND JUAN JORGE MARIN HERNANDEZ, | § § § § | |
| PLAINTIFFS, | § § | |
| v. | § § | CIVIL ACTION NO. 18-CV-2605-BK |
| ALEJANDRO MURILLO AND OVERNIGHT CLEANSE LLC, | § § § § | |
| DEFENDANTS. | § | |

## MEMORANDUM OPINION

Before the Court are the parties' cross-*Motions for Summary Judgment*. Doc. 38; Doc. 39. For the reasons that follow, Defendants' motion is **DENIED** and Plaintiffs' motion is **GRANTED**.

## I. BACKGROUND AND PROCEDURAL HISTORY

In October 2018, Plaintiffs filed the operative complaint, alleging that: (1) since 2008, Defendants employed Plaintiffs to perform overnight commercial cleaning every night at two restaurants in the Dallas-Fort Worth area; (2) although Plaintiffs generally worked ten hours per day for seven days a week, they were not paid time-and-a-half for their overtime hours; (3) in January 2018, Defendant Murillo ("Murillo") agreed to pay Plaintiff Martagon $3,400.00 per month and Plaintiff Hernandez $4000.00 per month for cleaning two Capital Grille locations; (4) from January through March 2018, Plaintiffs generally cleaned the Dallas Capital Grille kitchen between midnight and 5:00 a.m. and cleaned the Plano Capital Grille kitchen and seating area from 5:30 a.m. to 10:45 a.m.; (5) despite repeated promises, Defendants did not pay Plaintiffs in

either February or March 2018; and (6) Plaintiffs were employees of either Murillo or Defendant Overnight Cleanse, LLC ("Overnight Cleanse") during the period relevant to this dispute. Doc. 8 at 2-7.

Plaintiffs filed suit against Defendants under the Fair Labor Standards Act ("FLSA") for minimum wage and overtime violations. Doc. 8 at 8. Plaintiffs also invoked the Texas Minimum Wage Act ("TMWA") and asserted claims for (1) breach of contract and, in the alternative, quantum meruit for the period from February through March 2018; and (2) perpetration of fraud by an alter ego, insofar as Murillo used Overnight Cleanse to perpetrate an actual fraud on Plaintiffs by procuring their continued labor with false promises that they would be paid. Doc. 8 at 8-10. Defendants now move for summary judgment on all of Plaintiffs' claims, Doc. 38, and Plaintiffs have cross-moved for partial summary judgment on their breach of contract claim, Doc. 39.

## II. APPLICABLE LAW

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). A dispute regarding a material fact is "genuine if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). Once the moving party has made an initial showing that there is no evidence to support

the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

## III. PARTIES' ARGUMENTS AND ANALYSIS

### A. Defendants' Motion for Summary Judgment

After reciting the law governing summary judgment proceedings, Defendants essentially reargue the merits of their previous motion to dismiss. *See, e.g.*, Doc. 38-1 at 4 ("Plaintiffs' amended complaint does not comply with the fair notice pleading requirements" and "does not show a plausible right to relief"); Doc. 38-1 at 5 ("[D]espite having had the opportunity to replead, Plaintiffs do not add any factual assertions to support their claim or even address these basic elements of a wage claim."); Doc. 38-1 at 8-9 (reciting breach of contract elements and asserting that "Plaintiffs do not include these basic allegations," which warrants dismissal); Doc. 38-1 at 9-10 (arguing that Plaintiffs' fraud claim "violates Rule 9, which requires particularity in pleading fraud claims."). Even if such allegations were appropriately raised in the summary judgment context, the Court will not again address them, having already denied Defendants' motion to dismiss on the same bases. *See* Doc. 54.

Defendants also argue in a conclusory manner that they are entitled to summary judgment because (1) "[Plaintiffs] cannot meet their burden of proof on the essential elements" of their claims; (2) "Plaintiffs are independent contractors;"; (3) Plaintiffs "cannot provide sufficient evidence on the elements of their breach of contract claim"; (4) "without any evidence on any essential claims, summary judgment should be granted" on Plaintiffs' quantum meruit/unjust enrichment claim; and (5) "Plaintiffs lack evidence of any essential element of their fraud claims

3

and summary judgment should be granted." Doc. 38-1 at 7-10. The only supporting evidence to which Defendants generally point is Murillo's deposition testimony, which they argue supports the "uncontroverted" propositions that "Plaintiffs are not employees" and that Murillo has "conclusively established" his affirmative "good-faith" defense that he acted in reliance on unspecified "regulations, orders, and rulings." Doc. 38-1 at 6-7.

While Plaintiffs respond to each of Defendants' points, they first assert that Defendants failed to meet their burden under Rule 56(c) because they make only conclusory statements rather than cite to any evidence of record that entitles them to relief. Doc. 76 at 2-4. The Court agrees. The United States Supreme Court has made clear that "a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323-24.

To meet this initial burden, "[i]t is not enough for the moving party to merely make a conclusory statement that the other party has no evidence to prove his case." *Ashe v. Corley*, 992 F.2d 540, 543 (5th Cir. 1993) (citation omitted). At a minimum, the moving party must "point[ ] out that there is no evidence to support a *specific element* of the nonmovant's claim." *Austin v. Kroger Texas L.P.*, 864 F.3d 326, 335 n.10 (5th Cir. 2017) (citation omitted) (emphasis in original). In other words, "[s]imply filing a summary judgment motion does not immediately compel the party opposing the motion to come forward with evidence demonstrating material issues of fact as to every element of its case." *Russ v. Int'l Paper Co.*, 943 F.2d 589, 591-92 (5th Cir. 1991). Rather, the party moving for summary judgment must cite to evidence that

4

affirmatively demonstrates the absence of a material issue of fact. See *Ashe*, 992 F.2d at 543-44 (holding that the movant had not met its summary judgment burden because it failed to point out an absence of proof on any factual issues, and its motion was more akin to a Rule 12(b)(6) motion).

Here, Defendants have not cited to any evidence that tends to illustrate the absence of a material fact on any of Plaintiff's claims. *Id.* Indeed, Defendants only briefly cite to Murillo's deposition testimony twice. Docs. 38-1 at 6; 38-2 at 37-38. They do so the first time for the supposedly "uncontroverted" proposition that "Plaintiffs are not employees." Doc. 38-1 at 6. This proposition, however, is anything but "uncontroverted." In fact, the polar opposite position forms the cornerstone of Plaintiffs' case. *See* Doc. 76-2 at 2-4 (R. Martagon Decl.); Doc. 76-4 at 2-5 (M. Hernandez Decl.).

Defendants' second cite is to Murillo's testimony that "seven, eight years" ago he "spoke with somebody in Austin" at a government agency who told him "all [he] need[ed] to do is just do contractors, do not have any employees." Doc. 38-2 at 37-38. Defendants assert, without reference to any authority or evidence, that this conclusively establishes their affirmative defense of "good faith." Doc. 38-1 at 6-7. However, the referenced testimony is completely insufficient to establish any affirmative defense in the summary judgment context. *See Crescent Towing & Salvage Co. v. M/V Anax*, 40 F.3d 741, 744 (5th Cir. 1994) (holding that in summary judgment proceedings, a defendant bears the burden of establishing each element of an affirmative defense as a matter of law).

Finally, as previously illustrated, the remainder of Defendants' arguments are entirely conclusory in that they allege entitlement to summary judgment solely due to Plaintiffs'

5

purported lack of evidence and inability to prove their claims at trial. *See supra* Part III.A. Accordingly, Defendants fail to meet their burden as movants. *Celotex*, 477 U.S. at 323-24; *Ashe*, 992 F.2d at 543.

### B. Plaintiffs' Cross-Motion for Summary Judgment on Breach of Contract Claim

Plaintiffs move for partial summary judgment on their breach of contract claim solely with respect to liability. Doc. 39. They contend that Defendants conceded each necessary element of the claim when Murillo testified during deposition that Defendants did not pay Plaintiffs the agreed-upon amount for their work in February and March 2018, which caused them financial harm. Doc. 40 at 2-7.

In response, after again regurgitating their Rule 12(b)(6) arguments, Doc. 51 at 4-12, Defendants confusingly assert that Plaintiffs are not entitled to summary judgment on their contract claim because they have admitted that they are "contractors," which somehow bars their wage-based claims. *See* Doc. 51 at 2 ("By seeking summary judgment on purported breach of contract claims and also providing sworn testimony that it was always a contractual relationship, Plaintiffs have judicially admitted that they were never employees of Defendants. These are judicial admissions which entitled Defendants to a dismissal of Plaintiffs' FLSA and [TMWA] claims.").[1]

To the extent it is even an issue, the Court first points out that Plaintiffs' suing on a breach of contract theory does not mean that Plaintiffs are admitting that they were independent

---

[1] Defendants also objected to Plaintiffs' allegedly improper Spanish-to-English translations of text messages between the parties. Doc. 51 at 1-2. These objections were obviated by Plaintiffs' resubmission of the translations sworn to by a certified Spanish interpreter. *See* Doc. 55-1 at 8; Doc. 55-2 at 9.

6

"contractors" under FLSA rather than Defendants' employees. A party is not necessarily precluded from bringing both a breach of contract claim and a FLSA claim. *See Thibault v. Bellsouth Telecomm., Inc.*, 612 F.3d 843, 849 (5th Cir. 2010) (addressing plaintiff's FLSA and breach of contract claims); *Paniagua v. City of Galveston*, 995 F.2d 1310, 1313, 1316 (5th Cir. 1993) (same).

Putting that aside, to prevail on a breach of contract claim, a party must demonstrate (1) the existence of a valid contract between the parties; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Smith Int'l, Inc. v. Egle Group, LLC,* 490 F.3d 380, 387 (5th Cir. 2007) (citation omitted). The evidence Plaintiffs point to demonstrates that they have met each of these elements.

   *1. Valid Oral Contract*

The parties agree that there was a valid oral contract in that Defendants (1) promised to pay Plaintiff Martagon a total of $3,600.00 per month to conduct nightly cleanings at Capital Grille locations in Dallas and Plano, Texas, *see* Doc. 41-3 at 4-5 (A. Murillo Dep.) & Doc. 55-1 at 2-3 (R. Martagon Decl.); and (2) promised to pay Plaintiff Hernandez a total of $4,000.00 per month to clean the same locations, *see* Doc. 41-3 at 4-5 (A. Murillo Dep.) & Doc. 55-2 at 2-3 (M. Hernandez Decl.).

Defendants do not dispute that these verbal arrangements constitute valid, enforceable contracts, as they set forth the material and essential terms of the parties' agreements and demonstrate that Plaintiffs and Defendants intended to be contractually bound. *See Lloyd Walterscheid & Walterscheid Farms, LLC v. Walterscheid*, 557 S.W.3d 245, 258 (Tex. App.–

Fort Worth 2018) (holding that a contract's terms must be expressed in a clear, certain, and definite manner so that there will be no doubt as to what the parties intended, and a lack of the required "definiteness" can concern the time of performance, the price to be paid, the work to be done, or the service to be rendered). Because the evidence shows that Plaintiffs and Defendants each had concrete obligations and shared an understanding of the material and essential terms of their agreement, their oral contract is valid.

### 2. *Performance Tendered*

Plaintiffs attested under oath that they worked for Defendants cleaning the two Capital Grille locations, as they contracted to do, throughout February and March 2018 until they finally quit at the end of March because Defendants failed to pay them. *See* Doc. 55-1 at 3 (R. Martagon Decl.); Doc. 55-2 at 3 (M. Hernandez Decl.). Defendants agree that Plaintiffs performed the work for which they were contracted in February and March 2018. *See* Doc. 41-3 at 8 (A. Murillo Dep.).

### 3. *Breach by Defendants*

Next, Plaintiffs averred that Defendants did not pay them at all in February or March and only gave them a partial payment of $1,500.00 each in April 2018. *See* Doc. 55-1 at 3 (R. Martagon Decl.); Doc. 55-2 at 3 (M. Hernandez Decl.). At that time, Plaintiffs calculated that Defendants still owed them a total of $10,750.00 for February and March 2018, which they have never received. *See* Doc. 55-1 at 3 (R. Martagon Decl.); Doc. 55-2 at 3 (M. Hernandez Decl.).

Again, Defendants do not dispute Plaintiffs' version of events. Murillo testified that he received text messages from Plaintiff Martagon which said Defendants still owed Plaintiffs a total of $10,750.00 after the April partial payment. *See* Doc. 38-2 at 35-36 (A. Murillo Dep.);

8

Doc. 41-5 at 3 (text message translation). In response to the text message, Murillo told Plaintiff Martagon that he was going to give her the money, but he testified that he never did and that Defendants still owe Plaintiffs $10,750.00. *See* Doc. 38-2 at 36 (A. Murillo Dep.); Doc. 41-5 at 3 (text message translation). The parties thus agree that Defendants breached the contract.

    *4. Damages*

Defendants do not dispute that their failure to pay Plaintiffs the sums due has harmed them. Indeed, it would seem self-evident that a party's failure to pay a hired worker the agreed-upon amount for work performed harms the worker. *See Lanier v. Alenco*, 459 F.2d 689, 691 n.3 (utilizing promised salary as a measure of damages). Moreover, both Plaintiffs averred that they suffered more specific damages as a result of the breach, namely having to incur high-interest debt to make ends meet. *See* Doc. 55-1 at 3 (R. Martagon Decl.); Doc. 55-2 at 3 (M. Hernandez Decl.). Plaintiffs have thus met their burden of establishing damages for purposes of their summary judgment motion.

## IV. CONCLUSION

For the foregoing reasons, *Defendants' Motion for Summary Judgment*, Doc. 38, is **DENIED**. *Plaintiffs' Motion for Partial Summary Judgment*, Doc. 39, is **GRANTED** on their breach of contract claim solely as to liability.

**SO ORDERED** on December 18, 2019.

                                                              RENEE HARRIS TOLIVER
                                                              UNITED STATES MAGISTRATE JUDGE